1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT _____

ANDREA S. JARMON

                          Plaintiff,

          v.

BOARD OF INDUSTRIAL INSURANCE
APPEALS,

                        Defendant.

CASE NO.

Pierce County Superior Court
Case No. 25-2-10296-9

NOTICE OF REMOVAL

TO:        Clerk, United States District Court for the Western District of Washington;

AND TO:    Plaintiff and her Attorney of Record

       Defendant Board of Industrial Insurance Appeals ("BIIA" or "Defendant") hereby removes the above-captioned matter from the Washington State Superior Court, County of Pierce, Case No. 25-2-10296-9 (the "State Court Action"), to the United States District Court for the Western District of Washington.  Defendant remove the State Court Action pursuant to 28 U.S.C. §§1331, 1343, 1367, 1441, and 1446 on the grounds set forth below.

**A.**    **Commencement and Pendency of Action in State Court.**

       1.      On July 23, 2025, Plaintiff Andrea S. Jarmon ("Plaintiff") filed an action in the Washington State Superior Court, County of Pierce, *Andrea S. Jarmon v. Board of Industrial Insurance Appeals*, Case No. 25-2-10296-9.  In compliance with Local Civil Rule 101(b), a copy of the Complaint is attached to this Notice of Removal as **Exhibit A**.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

2.      A summons and copy of the Complaint were served on Defendant on July 30, 2024.

3.      Counsel for the Defendant filed a Notice of Appearance with the Pierce County Superior Court on August 13, 2025.

4.      Upon information and belief, Plaintiff has not amended her Complaint to name any other defendant.

**B.      Grounds for Removal.**

5.      In this civil action for damages, Plaintiff alleges violations of state and federal laws.

6.      Plaintiff's federal constitutional claims are brought under 42 U.S.C. §1983 and allege that Defendant violated Plaintiff's First Amendment, Equal Protection, and Due Process rights. Plaintiff also asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e. Plaintiff's federal claim stems from her request for a religious accommodation from the State of Washington's COVID-19 vaccinate mandate for state employees.

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331, which provides district courts original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States ("federal question jurisdiction"). *See also* 28 U.S.C. §1343.

8.      Plaintiff's state law claims allege wrongful termination in violation of public policy and violations of the Washington Law Against Discrimination and breach of contract. Plaintiff's state law claims likewise stem from her request for a religious accommodation from the City of Issaquah's COVID-19 vaccinate mandate.

9.      Plaintiff's state law claims are so related to her federal claim that they form part of the same case or controversy under Article III of the United States Constitution. Thus, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

10.      This action is removable under 28 U.S.C. §§1331, 1343, 1367, 1441(a), and 1446.

**C.      Venue.**

11.      This Court is the district court of the United States for the district and division embracing the place where the State Court Action is pending and is therefore the appropriate court

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

of removal pursuant to 28 U.S.C. §1441(a). The proper division should set by the Court pursuant to Local Civil Rule 3(e).

**D.    Timely Removal.**

12.    This Notice of Removal is filed with the Court within thirty (30) days after Defendant received copies of the Summons and Complaint through service or otherwise. 28 U.S.C. §1446(b).

**E.    State Court Records.**

13.    Pursuant to Local Civil Rule 101(c) and 28 U.S.C. §1446(a), Defendant will separately file a Verification of State Court Records and Proceedings enclosing copies of all documents filed in the Pierce County Superior Court, including all process, pleadings, and orders served on Defendant in the State Court Action.

14.    Defendant consents to removal of this action. 28 U.S.C. §1446(b)(2) (providing that only "properly joined and served" defendants must join in and or consent to removal).

15.    Promptly after the filing of this Notice of Removal, Defendant will serve written notice of the filing of this Notice to Plaintiff, as required by 28 U.S.C. §1446(d).

16.    Promptly after the filing of this Notice of Removal, Defendant will file a true and correct copy of this Notice with the clerk of the Pierce County Superior Court of the State of Washington, as required by 28 U.S.C. §1446(d). Such notice "shall effect the removal" and terminate all proceedings in the State Court Action. 28 U.S.C. §1446(d).

**F.    Non-Waiver.**

17.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense. Defendant reserves the right to assert all applicable claims and defenses in response to the Complaint.

//

//

//

//

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**G.      Conclusion.**

WHEREFORE, Defendant pray the action captioned *Andrea S. Jarmon v. Board of Industrial Insurance Appeals*, Case No. 25-2-10296-9, be removed from the Washington State Superior Court, County of Pierce, to the United States District Court for the Western District of Washington.

DATED this 19th day of August, 2025.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC
Attorneys for Defendant Board of Industrial
Insurance Appeals

By *s/ Shannon E. Phillips*
    Shannon E. Phillips, WSBA #25631
    *shannonp@summitlaw.com*

By *s/ Monica A. Romero*
    Monica A. Romero, WSBA #58376
    *monicar@summitlaw.com*

NOTICE OF REMOVAL - 4
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### CERTIFICATE OF SERVICE

I hereby certify that on this day I caused a true and correct copy of the foregoing to be served, as indicated, upon the following CM/ECF participant:

> Sadé A. Smith
> The Smith Law
> 3250 Airport Way S.
> Ste. #415
> Seattle, WA 98134
> *sade@thesmithlaw.org*
> Via Email and U.S. Mail

DATED this 19th day of August, 2025.

> *s/ Kimberly Welsh*
> Kimberly Welsh, Legal Assistant
> *kimw@summitlaw.com*

NOTICE OF REMOVAL - 5
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Exhibit A

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

July 23 2025 1:28 PM

PIERCE COUNTY CLERK
NO: 25-2-10296-9

**IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF PIERCE**

| | |
|---|---|
| ANDREA S. JARMON, an INDIVIDUAL, <br><br>            Plaintiff, <br><br> vs. <br><br> BOARD OF INDUSTRIAL INSURANCE APPEALS, (a State of Washington agency) <br>            Defendant. | CAUSE NO. <br><br><br> PLAINTIFF'S COMPLAINT FOR DAMAGES |

## I. INTRODUCTION

1.1     This is a discrimination and failure to accommodate case against the Board of Industrial Insurance Appeals arising from the unjustified abrupt termination of a working reasonable religious accommodation; the intentional and unjustified denial of the right to a *Goodman*[1] "interactive process," and the abrupt and unjustified non-disciplinary termination of an African American Muslim employee, with three (3) days' notice.

---

[1] *Goodman v. Boeing Co.*, 127 Wn.2d 401, 408–409, 899 P.2d 1265 (1995).

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664

1.2    The State of Washington and its agencies promote their commitment to "preserving our culture of diversity and inclusion and to providing a work environment that includes and respects cultural, racial, ethnic, sexual orientation, and gender identity diversity."[2]

1.3    However, as the facts of this Complaint lay bare, the Board of Industrial Insurance Appeals failed in its basic legal obligations to provide procedural due process, a fair and objective assessment of the ability to maintain the accommodation and executed a termination of the Plaintiff's employment in a manner that was not only discriminatory, but simply callous.

1.4    Accordingly, this is an action for violations of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e et seq ("Title VII") and the Washington Law Against Discrimination ("WLAD"), Revised Code of Washington ("RCW") 49.60.

## II. PARTIES

2.1    Plaintiff Andrea S. Jarmon, ("Ms. Jarmon"), individual and Mother, at all times material hereto, resided in the State of Washington.  At all times relevant to the allegations and claims brought forth in this action, Ms. Jarmon was a resident of the State of Washington, residing in Pierce and King County, Washington.

2.2    Defendant Board of Industrial Insurance Appeals (BIIA) is a Washington State agency organized under the laws of the State of Washington to hear appeals from decisions made by the Department of Labor of Industries.

2.3.    Defendant BIIA employs more than eight people and is classified as an employer within the meaning of RCW 46.60.040(11).

---

[2] Job Bulletin:  https://www.governmentjobs.com/careers/washington/jobs/newprint/4260726

PLAINTIFF'S COMPLAINT FOR DAMAGES
PAGE 2

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664

2.4.    Defendant BIIA has articulated several values, which along with its mission and vision, are stated on its official website and include: *"honesty, integrity, loyalty, and fairness,"* and *"respect for all persons,"* and "*diversity and teamwork in the workplace."*

2.5    All of the relevant acts and omissions alleged below took place in the cities of Tacoma, Federal Way, Lakewood, and Olympia, all of which are cities located in the State of Washington.

### III.    JURISDICTION AND VENUE

3.1    This Court has subject matter jurisdiction over this action pursuant to RCW 2.08.010 as it relates to claims arising under Washington law.

3.2    This Court has jurisdiction over the parties and the subject matter of this action by virtue of RCW 49.60.030(2).

3.3    This Court has supplemental and concurrent jurisdiction to hear Federal claims brought before the Court.

3.4.    Venue is proper pursuant to RCW 4.92.010.

### IV.    NOTICE OF CLAIM FILING

4.1    Plaintiff has complied with the notice requirements regarding the pending filing of a tort claim against a statute agency, as required under RCW 4.92.100, which such notice having been provided to the Department of Enterprise on August 15, 2024.

4.2    As required under RCW 4.46.020(4), more than 60 days have elapsed since that date and the filing of this Complaint.

### V.    FACTS

5.1    Plaintiff Andrea S. Jarmon is a visibly identifying Muslim woman of African American descent.

PLAINTIFF'S COMPLAINT FOR DAMAGES
PAGE 3

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664

5.2     In 2020, Ms. Jarmon applied for a position as an Industrial Appeals Hearings Judge 3 (IAJ) with the State of Washington Board of Industrial Insurance Appeals.

5.3     As described by the BIIA, IAJs "preside over conferences and hearings where evidence is presented pursuant to the Rules of Evidence and Superior Court Rules and issue written decisions resolving appeals filed under the Industrial Insurance Act, Crime Victims Compensation Act, Washington Industrial Safety and Health Act and other laws as determined by the Legislature."

5.4     On October 1, 2020, Ms. Jarmon participated in a remote interview for the position of IAJ 3.

5.5     During the interview, Ms. Jarmon was informed that due to COVID-19, all work was to be conducted remotely and would continue to be done so indefinitely.

5.6     On October 15, 2020, Ms. Jarmon was offered the position of IAJ 3, with a start date of November 1, 2020.

5.7     At all times relevant hereto, Ms. Jarmon was an employee of the BIIA as an IAJ 3.

5.8     The work was performed by the entire agency remotely.  Defendant provided office equipment in the form of a laptop, two monitors, a telephone, and cable and extension cords for the purposes of working remotely.

5.9     Ms. Jarmon carried a case load of thirty to forty cases with some variation, with a capacity of more, as determined by her supervisor and the current workloads.

5.10    It was not uncommon for work to shift between hearing judges, with one judge conducting the proceeding and another judge issuing the Proposed Decision and Order (PDO).  Ms. Jarmon's very first PDO and several others assigned to her were hearings over which another IAJ 3 had presided and Ms. Jarmon was assigned to write the PDO.

PLAINTIFF'S COMPLAINT FOR DAMAGES
PAGE 4

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664

5.11    On August 9, 2021, Governor Jay Inslee issued Proclamation 21-14, amending Proclamation 20-05, et seq.    Under this Proclamation pertaining to COVID-19 Vaccination Requirements, the Governor prohibited, "Any Worker from engaging in work for a State Agency after October 18, 2021 if the Worker has not been fully vaccinated against COVID-19."

5.12    The same Proclamation also contained a section entitled, "Exemptions from Vaccine Requirement," and provided that "… **and Workers for State Agencies… are not required to get vaccinated against COVID-19** if they are entitled under the Americans With Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964 (Title VII), the Washington Law Against Discrimination (WLAD), or any other applicable law to a disability-related reasonable accommodation **or a sincerely held religious belief accommodation to the requirements of this order**. Nothing herein precludes individuals or entities for which Health Care Providers work as employees, contractors, or volunteers and State Agencies from providing disability-related reasonable accommodations and religious accommodations to the requirements of this order as required by the laws noted above."

5.13    On August 21, 2021, Governor Jay Inslee issued Proclamation 21.14.1, amending Proclamations 20-05 and 20-14.    Under this Proclamation pertaining to COVID-19, the Governor continued to mandate vaccinations for State Workers.

5.14    Proclamation 21.14.1 also contained a section entitled, "**Exemptions from Vaccine Requirement: Disability and Religious Accommodations**," and provided that, "**Workers for State Agencies**, Workers for operators of Educational Settings, and Health Care Providers **are not required to get vaccinated against COVID-19** under this Order if they are unable to do so because of a disability or **if the requirement to do so conflicts with their sincerely held religious beliefs, practice, or observance**."

PLAINTIFF'S COMPLAINT FOR DAMAGES
PAGE 5

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664

5.15    Proclamation 21.14.1, under the section "***Disability and Religious Accommodations,***" provided that State Agencies, "***Must provide*** any disability-related reasonable accommodations and ***sincerely held religious belief accommodations to the requirements of this Order*** that are required under the Americans with Disabilities Act of 1990 (ADA), the Rehabilitation Act of 1973 (Rehabilitation Act), Title VII of the Civil Rights Act of 1964 (Title VII), the Washington Law Against Discrimination (WLAD), and any other applicable law. As provided in the above☐noted laws, State Agencies, operators of Educational Settings, and operators of Health Care Settings are not required to provide accommodations if they would cause undue hardship."

5.16    On September 27, 2021, Governor Jay Inslee issued Proclamation 21.14.2, amending Proclamations 20-05 and 20-14.    Under this Proclamation pertaining to COVID-19 Vaccination Requirements, the Governor continued to mandate vaccinations.

5.17    Proclamation 21.14.2 also contained a section entitled, "***Exemptions from Vaccine Requirement: Disability and Religious Accommodations***," and provided that,  "***Workers for State Agencies***, Workers for operators of Educational Settings, and Health Care Providers ***are not required to get vaccinated against COVID-19 under this Order*** if they are unable to do so because of a disability or ***if the requirement to do so conflicts with their sincerely held religious beliefs, practice, or observance***."

5.18    Proclamation 21.14.2, under the section "***Disability and Religious Accommodations***," provided that State Agencies, "***Must provide any*** disability-related reasonable accommodations and ***sincerely held religious belief accommodations to the requirements of this Order*** that are required under the Americans with Disabilities Act of 1990 (ADA), the Rehabilitation Act of 1973 (Rehabilitation Act), Title VII of the Civil Rights Act of 1964 (Title VII), the Washington Law Against Discrimination (WLAD), and any other applicable law. As provided in the above-noted laws, State

PLAINTIFF'S COMPLAINT FOR DAMAGES
PAGE 6

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664

Agencies, operators of Educational Settings, and operators of Health Care Settings are not required to provide accommodations if they would cause undue hardship."

5.19    On November 24, 2021, Governor Jay Inslee issued Proclamation 21.14.3, amending Proclamation 20-05 and 20-14, et seq. Under this Proclamation pertaining to COVID-19 Vaccination Requirements, the Governor continued to mandate vaccinations.

5.20    Proclamation 21.14.3 also contained a section entitled, "***Exemptions and Exceptions: Disability and Religious Accommodations***," and provided that,  "***Workers for State Agencies***, Workers for operators of Educational Settings, and Health Care Providers ***are not required to get vaccinated against COVID-19 under this Order*** if they are unable to do so because of a disability or ***if the requirement to do so conflicts with their sincerely held religious beliefs, practice, or observance***."

5.21    Proclamation 21.14.3, under the section "***Disability and Religious Accommodations***," provided that State Agencies, "***Must provide any*** disability-related reasonable accommodations and ***sincerely held religious belief accommodations to the requirements of this Order*** that are required under the Americans with Disabilities Act of 1990 (ADA), the Rehabilitation Act of 1973 (Rehabilitation Act), Title VII of the Civil Rights Act of 1964 (Title VII), the Washington Law Against Discrimination (WLAD), and any other applicable law. As provided in the above-noted laws, State Agencies, operators of Educational Settings, and operators of Health Care Settings are not required to provide accommodations if they would cause undue hardship."

5.22    On September 1, 2021, Ms. Jarmon submitted a request for a religious exemption using the employer provided form.

5.23    On September 22, 2021, Ms. Jarmon met with Human Resources Manager Christy Sterling ("Ms. Sterling"), Acting Chief Judge Mark Jafee, and Assistant Chief Judge Meng Che, who

PLAINTIFF'S COMPLAINT FOR DAMAGES
PAGE 7

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664

was also Ms. Jarmon's supervisor.  The purpose of the meeting was to discuss Ms. Jarmon's exemption and accommodation request.

5.24    On September 23, 2021, Human Resources Manager Christy Sterling sent an email to Ms. Jarmon and her supervisor Assistant Chief Judge Meng Che, attaching Ms. Jarmon's "Vaccine Accommodation Letter."

5.25    The "Vaccine Accommodation Letter," approved teleworking on a full-time basis and provided that all proceedings would be conducted remotely.

5.26    While the Defendant's accommodation for Ms. Jarmon's religious exemption was to allow for telecommuting and remote hearings, that was the manner and mode of work for the entire agency.

5.27    In the "Vaccine Accommodation Letter," the Defendant set forth the accommodation/protocol required if there was a business obligation that necessitated Ms. Jarmon's presence in a BIIA office.  The accommodations included obtaining supervisor approval before entry; having a workspace in an area with where adequate ventilation and distancing could occur; wearing a face covering at all times; modification of the work schedule as needed to limit exposure; physical distancing and limiting of interactions with others; and sanitization of work areas.

5.28    The Defendant's "Vaccine Accommodation Letter" informed Ms. Jarmon that the accommodations were effective October 18, 2021, and *would be reviewed every 60 days or sooner*.

5.29    The Defendant's "Vaccine Accommodation Letter" informed Ms. Jarmon, *"If adjustments to the accommodations are necessary, [the Defendant] will notify [Ms. Jarmon] and re-engage in the interactive process.*" It further noted, "*At a minimum, this will occur once the Board Members finalize the date to open for live hearings*."

PLAINTIFF'S COMPLAINT FOR DAMAGES
PAGE 8

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664

5.30    On December 17, 2021, the Defendant issued Ms. Jarmon a letter, with the subject noted as "Religious Accommodation Extension."  In this letter, the Defendant extended Ms. Jarmon's religious accommodation. The Defendant again informed Ms. Jarmon, ***"If adjustments to the accommodations are necessary, [the Defendant] will notify [Ms. Jarmon] and re-engage in the interactive process."***

5.31    On February 18, 2022, the Defendant issued Ms. Jarmon a letter, with the subject noted as "Religious Accommodation Extension."  In this letter, the Defendant extended Ms. Jarmon's religious accommodation.  The Defendant again informed Ms. Jarmon, ***"If adjustments to the accommodations are necessary, [the Defendant] will notify [Ms. Jarmon] and re-engage in the interactive process."***

5.32    On April 14, 2022, the Defendant issued Ms. Jarmon a letter, with the subject noted as "Religious Accommodation Extension."  In this letter, the Defendant's extended Ms. Jarmon's religious accommodation.  The Defendant again informed Ms. Jarmon, ***"If adjustments to the accommodations are necessary, [the Defendant] will notify [Ms. Jarmon] and re-engage in the interactive process."***

5.33    On May 20, 2022, Governor Jay Inslee issued Proclamation 21.14.5, amending Proclamation 20-05 and 20-14, et seq. Under this Proclamation pertaining to COVID-19 Vaccination Requirements, the Governor continued to mandate vaccinations.

5.34    Proclamation 21.14.5 also contained a section, "***Exemptions and Exceptions: Disability and Religious Accommodations***," and provided that, "***Workers for State Agencies***, Workers for operators of Educational Settings, and Health Care Providers ***are not required to get vaccinated against COVID-19 under this Order*** if they are unable to do so because of a disability or ***if the requirement to do so conflicts with their sincerely held religious beliefs, practice, or observance***."

PLAINTIFF'S COMPLAINT FOR DAMAGES
PAGE 9

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664

5.35    Proclamation 21.14.5, under the section "***Disability and Religious Accommodations***," provided that State Agencies, "***Must provide*** any disability-related reasonable accommodations and ***sincerely held religious belief accommodations to the requirements of this Order*** that are required under the Americans with Disabilities Act of 1990 (ADA), the Rehabilitation Act of 1973 (Rehabilitation Act), Title VII of the Civil Rights Act of 1964 (Title VII), the Washington Law Against Discrimination (WLAD), and any other applicable law. As provided in the above-noted laws, State Agencies, operators of Educational Settings, and operators of Health Care Settings are not required to provide accommodations if they would cause undue hardship."

5.36    On June 30, 2022, Governor Jay Inslee issued Directive 22-13, pertaining to COVID-19 Vaccination Standards for State Employees, under which COVID-19 vaccination was mandated as a permanent condition of employment requirements for State employees.

5.37    Like each of the prior COVID-19 Proclamations mandating vaccinations but also including a religious exemption provision, Directive 22-13, similarly included the following language: "***The requirements of this directive are subject to*** disability-related reasonable accommodations and ***sincerely held religious belief accommodations*** that are required under the Americans with Disabilities Act of 1990 (ADA), the Rehabilitation Act of 1973 (Rehabilitation Act), Title VII of the Civil Rights Act of 1964 (Title VII), the Washington Law Against Discrimination (WLAD), and any other applicable law."

5.38    On ***Thursday, July 14, 2022***, the Defendant sent Ms. Jarmon an email, with the subject heading, "Jarmon-Status of Vaccine Accommodation."

5.39    The email informed Ms. Jarmon that the Defendant wanted to meet with Ms. Jarmon regarding the status of Ms. Jarmon's COVID-19 vaccine accommodation "now that the BIIA was resuming in person hearings in Olympia, Lakewood, and Everett."

PLAINTIFF'S COMPLAINT FOR DAMAGES
PAGE 10

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664

5.40    At the time of this meeting request, there was only one case on Ms. Jarmon's caseload wherein the parties had requested an in-person hearing. At the time of this meeting request, it was still common practice for one IAJ 3 to preside over the hearing and as needed, another IAJ 3 to issue the PDO.

5.41    In the email of ***Thursday, July 14, 2022***, the Defendant informed Ms. Jarmon that she would receive a letter on ***Wednesday, July 20, 2022***, and asked that Ms. Jarmon review the letter prior to the meeting, which had been set for ***Thursday, July 21, 2022, at 9:00 a.m.***

5.42    On ***Wednesday, July 20, 2022, at 9:14 a.m., a day prior to the meeting regarding the status of Ms. Jarmon's vaccine accommodations***, the ***Defendant emailed*** Ms. Jarmon a ***Notice of Intent to Separate for Non-disciplinary Reasons***.  In the body of the email, the Defendant asked that Ms. Jarmon review the attached letter prior to the meeting and noted that the Defendant would go over the details of the letter during the meeting.

5.43    The Defendant's letter, provided to Ms. Jarmon on ***Wednesday, July 20, 2022***, informed Ms. Jarmon that the Defendant had "***determined that no further accommodation can be made*** in [Ms. Jarmon's] current position ***as of Friday, July 15, 2022***."

5.44    The Defendant's letter, provided to Ms. Jarmon on ***Wednesday, July 20, 2022***, informed Ms. Jarmon she would "be on leave without pay effective ***Monday, July 25, 2022***."

5.45    The meeting held on ***Thursday, July 21, 2022***, was not an ***"interactive process"*** meeting as had been promised to occur in every prior letter regarding Ms. Jarmon's accommodation.

5.46    During the ***9:00 a.m. Thursday, July 21, 2022***, meeting, Ms. Jarmon was informed that she was being terminated.

5.47    During the ***9:00 a.m. Thursday, July 21, 2022,*** meeting, the Defendant was asked how they determined that telecommuting as an accommodation could no longer be provided, particularly in

PLAINTIFF'S COMPLAINT FOR DAMAGES
PAGE 11

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664

the context of the entire agency still operating remotely.  The Plaintiff presented to the Defendant examples of accommodations that had been made for other employees.

5:48    During the meeting, the Defendant was asked to extend the accommodation until November 30, 2022, the time at which Ms. Jarmon was already anticipating transitioning from the agency.  The Defendant informed Ms. Jarmon that they would consider this request.

5.49    After the meeting, on the same date of ***Thursday, July 21, 2022, at 11:33 a.m.***, the Defendant sent Ms. Jarmon an email regarding her request to extend the accommodation to November 2022.  The Defendant offered to extend the effective date of Ms. Jarmon's leave without pay ***from Monday, July 25, 2022***, to ***Monday, August 1, 2022***.  (Thus, the effective date would be after seven days' notice, rather than the original five days' notice.)   The Defendant additionally noted that in the absence of Ms. Jarmon notifying the Defendant of her agreement, her unpaid leave would begin on Monday, July 25, 2022.

5.50    On July 21, 2022, after the meeting, Ms. Jarmon sent the Defendant an email, attaching a Letter, "***Response to Notice of Intent to Separate and Request for Temporary Continuation of Reasonable Accommodation***."

5.51    In Ms. Jarmon's letter of July 21, 2022, she informed the Defendant that the *Notice of Termination* ran afoul of each of the Governor's Proclamations, which specifically recognized the constitutionally protected rights to an exemption for religious reasons. Ms. Jarmon questioned the sincerity of the Defendant's suggestion that working remotely did not allow for the essential job functions to be done, noting that the entire agency was still telecommuting with hearings still defaulted to remote format. Ms. Jarmon's letter raised concerns about adequate and meaningful due process, given that the Defendant had not engaged in the required ***interactive process*** that had been promised in the original accommodation letter, as well as each of the Defendant's accommodation extension letters.

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664

Ms. Jarmon raised concerns about the fact that she had been given only one (1) days' notice that her employment would be effectively terminated within three (3) days.

Ms. Jarmon's letter raised concerns about agency values, given the Defendant's knowledge that Ms. Jarmon is a single mother of seven (7) children and the sole provider for her household.  Ms. Jarmon's letter raised concerns about the disparate impact upon the relatively dismal number of people of color and Muslims employed by the BIIA.

5.52    In consideration of all these factors, Ms. Jarmon asked the Defendant for more reasonable notice, to extend the accommodation through November 30, 2022, and to allow for a separation date of November 30, 2022.

5.53    On August 2, 2022, the Defendant sent Ms. Jarmon a letter in which the Defendant informed Ms. Jarmon that her request to extend the timelines was denied and that because Ms. Jarmon "will not be vaccinated," her termination was effective August 17, 2022.

5.54    The Defendant, during the duration of Ms. Jarmon's employment, to include around the time of Ms. Jarmon's termination and since, has continued to operate with employees telecommuting for work and conducting remote proceedings.

5.55    The Defendant, during the duration of Ms. Jarmon's employment, to include around the time of Ms. Jarmon's termination and since, have continued to advertise Ms. Jarmon's position and others as "flexible/hybrid," and/or primarily remote.

## VI.  FIRST CAUSE OF ACTION
## DEPRIVATION OF FREE EXERCISE OF RELIGION

6.1    Plaintiff hereby realleges the substance of sections I, II, III, IV, and V, and by this reference incorporates them herein.

6.2    The actions of Defendant are being done under color of law and deprive the Plaintiff of their rights as afforded them under the Constitution of Washington State and of the United States.

PLAINTIFF'S COMPLAINT FOR DAMAGES
PAGE 13

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664

6.3    Being forced to choose between taking the COVID-19 vaccine and or being terminated for adherence her sincerely held beliefs imposed a substantial burden on the Plaintiff and interfered with, and deprived her of, the enjoyment of the free exercise of religion under the First Amendment to the United States Constitution, as made applicable to the state through the Fourteenth Amendment.

6.4    Wherefore, the Plaintiff brings this claim under both 42 U.S.C. §2000(e) and RCW 49.60 and request the relief set forth below in the prayer for relief.

## VII.    SECOND CAUSE OF ACTION
## VIOLATION OF RIGHTS UNDER TITLE VII-RELIGIOUS DISCRIMINATION

7.1    Plaintiff hereby realleges the substance of sections I, II, III, IV, and V, and by this reference incorporates them herein.

7.2    The Defendant subjected Ms. Jarmon to religious discrimination, denying her request for accommodations but granting such to others.  The only factor of significance between the time of Ms. Jarmon's last accommodation extension and that of her termination was that she had consistently begun to wear a traditional hijab, clothing associated with her Islamic/Muslim faith.

## VIII.    THIRD CAUSE OF ACTION
## VIOLATION OF RIGHTS UNDER TITLE II
## FAILURE TO PROVIDE ACCOMMODATION

8.1    Plaintiff hereby realleges the substance of sections I, II, III, IV, and V, and by this reference incorporates them herein.

8.2    The Defendant refused to entertain reasonable requests for accommodation under Title II and WLAD.

## IX.    FOURTH CAUSE OF ACTION
## VIOLATION OF WASHINGTON LAW AGAINST DISCRIMINATION

9.1    Plaintiff repeats and realleges the allegations above and incorporate those allegations herein by reference.

PLAINTIFF'S COMPLAINT FOR DAMAGES
PAGE 14

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664

9.2     Plaintiff was denied reasonable accommodation under WLAD, and such application of the Vaccine Mandate has a disparate impact on the Plaintiff Class.

9.3     By disregarding the Governor's mandate that religious accommodation be afforded those with sincerely held religious beliefs, the Defendant violate the protections afforded Plaintiff under WLAD and by express direction of the Governor.

## X.     FIFTH CAUSE OF ACTION
## VIOLATIONS OF DUE PROCESS CLAUSE AND EQUAL PROTECTION CLAUSE OF XIV AMENDMENT

10.1     Plaintiff hereby realleges the substance of sections I, II, III, IV, and V, and by this reference incorporates them herein.

10.2     By receiving a religious exemption, the Plaintiff have established a sincerely held religious belief that entitles them to the interactive reasonable accommodation process.

10.3     By denying any meaningful interaction regarding the accommodations requested, the Defendant have denied the Plaintiff their rights to due process of law and equal protection under the law prior to and throughout the process of exemption resulting in the abridgement of their rights under the Constitution and Title VII and WLAD.

## XI.     SIXTH CAUSE OF ACTION
## VIOLATION OF LAW UNDER 42 §1983

11.1     Plaintiff hereby realleges the substance of sections I, II, III, IV, and V, and by this reference incorporates them herein.

11.2     Defendant knowingly, under color of law and authority therein, violated the Proclamations 21.14.1; 21.14.2, 21.14.3, and 21.14.5, as well as Federal and State law as to the rights of the Plaintiff.

11.3 This Court has concurrent jurisdiction to hear such a claim.

PLAINTIFF'S COMPLAINT FOR DAMAGES
PAGE 15

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664

## XII.    SEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT

12.1    Plaintiff hereby realleges the substance of sections I, II, III, IV, and V, and by this reference incorporates them herein.

12.2    Defendant, knowing that Ms. Jarmon was relying on the notice and procedural due process provisions set forth in the Defendant's "Accommodation Letter's" acted in bad faith and breached their promise to give her meaningful notice and engage in the promised "interactive process."

## XIII.    EIGHT CAUSE OF ACTION
### WRONGFUL TERMINATION

13.1    Plaintiff hereby realleges the substance of sections I, II, III, IV, and V, and by this reference incorporates them herein.

13.2    Defendant engaged in a religiously discriminatory pre-textual termination when it terminated Ms. Jarmon under the purported basis that conducting in-person hearings was an essential job function that Ms. Jarmon was no longer able to perform.

## XIV.    DAMAGES

As a result of the Defendant's multiple violations of the Plaintiff's constitutionally protected rights and as a direct and proximate cause of their intentional discrimination and failure to accommodate, the Plaintiff faced significant financial hardship, emotional and psychological injury, post-traumatic stress, racial harm, professional embarrassment, and other injury which has and will continue for an indefinite period of time into the future.

## XV.    JURY DEMAND

Plaintiff demands this case to be tried by a jury.

PLAINTIFF'S COMPLAINT FOR DAMAGES
PAGE 16

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664

# XVI.    PRAYER FOR RELIEF

Plaintiff hereby realleges the substance of sections I, II, III, IV, and V, and by this reference incorporates them herein.

WHEREFORE, Plaintiff respectfully requests this Court grant judgment and relief against the Defendant as follows:

a. *Economic damages for lost compensation and benefits in an amount to be proven at trial; and*

b. *Damages for emotional distress, anxiety, humiliation, racial and xenophobic inflicted trauma, and embarrassment in amounts to be proved at trial; and*

c. *Special damages in an amount to be provided at trial; and*

d. *Prejudgment interest; and*

e. *Attorney's fees, expenses, and costs; and*

f. *Statutory damages under RCW 49.58.070; and*

g. *Tax consequences; and*

h. *Other relief to the furthest extent the Court determines is just and proper.*

Respectfully submitted on this 23rd day of July, 2025.

*/s/ Sadé A. Smith*

SADÉ A. SMITH, WSBA # 44867
THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
EMAIL: sade@thesmithlaw.com
PHONE: (206) 715-4248
FAX: (250) 900-2664

ATTORNEY FOR PLAINTIFF

PLAINTIFF'S COMPLAINT FOR DAMAGES
PAGE 17

THE SMITH AW
3250 AIRPORT WAY S.
STE. #415
SEATTLE, WASHINGTON 98134
PHONE: 206.715.4248
FAX: 250.900.2664